United States Bankruptcy Court
Southern District of Texas
ENTERED
August 25, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>Precisium Solutions, LLC<br><br>Reorganized Debtor.[1] | Chapter 11<br><br>Case No. 26-90612 (CML) |

**ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF DELOITTE TAX LLP AS TAX ADVISORY SERVICES PROVIDER OR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE AND (II) GRANTING RELATED RELIEF**

[Relates to Case No. 26-90601, Docket Nos. 195, 196]

Upon the application (the "***Application***")[2] of the above-captioned debtors and debtors in possession (collectively, the "***Debtors***") for entry of an order (this "***Order***") (a) authorizing the Debtors to retain and employ Deloitte Tax LLP ("***Deloitte Tax***") to provide tax advisory services to the Debtors in accordance with the terms and conditions set forth in the Engagement Agreements, and (b) granting related relief, all as more fully described in the Application; and this Court having reviewed the Application and the Steinsaltz Declaration; and the Court having reviewed the representations made in the Application and the Steinsaltz Declaration that Deloitte Tax does not hold or represent any interest adverse to the Debtors or their estates; and this Court

---

1 On July 20, 2026, the Debtors filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Entry of Final Decree* [Case No. 26-90601, Docket No. 201], which noticed the closing of certain of the Debtors' chapter 11 cases formerly jointly administered with Inotiv, Inc., Case No. 26-90601. The only remaining open case is of Reorganized Debtor, Precisium Solutions, LLC (Case No. 26-90612). The last four digits of Precisium Solutions, LLC's federal tax identification number are 2043 and its service address is 2701 Kent Avenue, West Lafayette, IN 47906. Additional information on this case and the closed chapter 11 cases may be obtained on the website of the claims and noticing agent for these cases, Kroll Restructuring Administration LLC, at https://restructuring.ra.kroll.com/Inotiv.

2 Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

being satisfied, based on the representations made in the Application and the Steinsaltz Declaration, that Deloitte Tax is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that Deloitte Tax represents no interest adverse to the Debtors' estates with respect to the matters upon which it is to be engaged; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. § 1408; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having heard the statements in support of the relief requested therein at a hearing before this Court (the "***Hearing***"), if any; and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **IT IS HEREBY ORDERED THAT:**

1. The Debtors are authorized to employ and retain Deloitte Tax to provide tax advisory services to the Debtors in these chapter 11 cases, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Application and the Engagement Agreements, as modified by this Order.

2. The services to be provided by Deloitte Tax as set forth in the Engagement Agreements are reasonable and are approved, as modified by this Order.

3. The terms and conditions of the Engagement Agreements, including the compensation structure, are reasonable and hereby approved in all respects, as modified by this Order.

4. Deloitte Tax shall file interim and final fee applications for allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules, the Local Rules, this Order, and any other applicable orders of this Court. Deloitte Tax shall include in its fee applications, among other things, time records setting forth a description of the services performed by each professional and the amount of time spent on each date by each such individual in performing services on behalf of the Debtors in one-tenth hour increments.

5. Notwithstanding anything to the contrary in this Order, the Office of the United States Trustee (the "***U.S. Trustee***") and this Court shall retain the right and be entitled to object to Deloitte Tax's fees and expenses in these chapter 11 cases based on the reasonableness standard provided for in section 330 of the Bankruptcy Code, and this Order shall not prejudice or otherwise affect the rights of the U.S. Trustee or this Court to challenge the reasonableness of Deloitte Tax's compensation and reimbursement requests in these cases under sections 330 and 331 of the Bankruptcy Code. Accordingly, nothing in this Order or the record of any hearing on the Application shall constitute a finding of fact or conclusion of law binding the U.S. Trustee or this Court on appeal or otherwise with respect to the reasonableness of Deloitte Tax's compensation and reimbursement requests in these chapter 11 cases.

6. The Debtors will coordinate with Deloitte Tax and the Debtors' other professionals to avoid unnecessary duplication of services provided by the Debtors' professionals retained in these chapter 11 cases.

7. The Indemnification Provisions set forth in the general business terms attached to the 2025 Tax Advisory Engagement Letter and the Tax Compliance Engagement Letter are hereby approved, subject to the following modifications with respect to the services performed thereunder from the Petition Date through the effective date of a chapter 11 plan:

a. All requests for payment of indemnity, contribution, or otherwise pursuant to the Indemnification Provisions shall be made by means of a fee application (interim or final) and shall be subject to the approval and review by this Court to ensure that such payment conforms to the terms of the Indemnification Provisions and is reasonable based on the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall an indemnified party be indemnified or receive contribution to the extent that any claim arose or expense has resulted from any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted from the gross negligence, willful misconduct, breach of fiduciary duty (if any), intentional fraud, self-dealing, or bad faith of any indemnified parties;

b. In no event shall any indemnified party be indemnified or receive contribution or other payment under the Indemnification Provisions if the Debtors or a representative of the Debtors' estates asserts a claim for, and a court determines by final order that, such claims primarily arose out of the gross negligence, willful misconduct, breach of fiduciary duty (if any), self-dealing, bad faith, or intentional fraud of such indemnified party; and

c. In the event an indemnified party seeks reimbursement of attorneys' fees from the Debtors pursuant to the Indemnification Provisions, the invoices and supporting time records from such attorneys shall be attached to Deloitte Tax's own interim and/or final fee applications, and such invoices and time records shall be subject to approval of the Bankruptcy Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

8. In the event that the rates of compensation for the services increase from the rates disclosed for services in the Application or the Engagement Agreements, Deloitte Tax will file a

notice with this Court describing such increased rates and serve upon the Debtors, the U.S. Trustee, and counsel for any official committee appointed in these chapter 11 cases at least 10 business days prior to the effective date of such increases, which such notice shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and indicate whether the Debtors have approved the proposed rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by this Court.

9. In the event that, during the pendency of these cases, Deloitte Tax seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in Deloitte Tax's fee applications and such invoices and time records shall be in compliance with the Local Rules and shall be subject to approval of the Court under the standards of Bankruptcy Code sections 330 and 331, without regard to whether such attorney has been retained under Bankruptcy Code section 327; provided, however, that Deloitte Tax shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any objections filed with respect to Deloitte Tax's fee applications in these chapter 11 cases.

10. To the extent the Debtors and Deloitte Tax enter into any supplemental agreements, engagement letters, or statements of work for additional services, the Debtors will file any such supplemental agreements, engagement letters, or statements of work with the Court and serve the same upon the applicable notice parties. Absent any objection filed within 14 days after the filing and service of any such supplemental engagement letter or statement of work, Deloitte Tax shall be deemed authorized and approved to provide and be compensated for such additional services pursuant to this Order and the terms of such supplemental engagement letter or statement of work.

To the extent any such parties object to such proposed supplemental engagement letter or statement of work, the Debtors will promptly schedule a hearing before the Court within 10 days of receipt of any such objection or as soon thereafter as is practicable. All additional services shall be subject to the provisions of this Order.

11. Notwithstanding anything to the contrary in the Application and the Engagement Agreements, with respect to the services performed under the Engagement Agreements from the Petition Date through the effective date of a plan of reorganization, this Court retains exclusive jurisdiction over all matters arising out of or pertaining to Deloitte Tax's engagement until such jurisdiction is relinquished.

12. Notwithstanding anything in the Application or the Engagement Agreements to the contrary, to the extent that Deloitte Tax uses the services of independent contractors that are not affiliates or subsidiaries of Deloitte Tax (collectively, the "***Contractors***") in these chapter 11 cases, Deloitte Tax shall (a) pass through the cost of such Contractors to the Debtors at the same rate that Deloitte Tax pays the Contractors, (b) seek reimbursement for actual costs only, (c) ensure that the Contractors are subject to the same conflict checks as required for Deloitte Tax, and (d) file with the Court such disclosures required by Bankruptcy Rule 2014.

13. To the extent there may be any inconsistency between the terms of the Application, the Steinsaltz Declaration, the Engagement Agreements, and this Order, the terms of this Order shall govern.

14. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application, and the requirements of the Bankruptcy Rules and Local Rules are satisfied by such notice.

15. Notwithstanding any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

16. The Debtors and Deloitte Tax are authorized to take all action necessary to implement the relief granted in this Order.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: August 25, 2026

Christopher Lopez
United States Bankruptcy Judge